IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

S.C. JOHNSON & SON, INC. and
CONSULTORIA TECNICA E                           OPINION AND ORDER
REPRESENTACOES, LDA,

                                                                    07-cv-689-bbc

                     Plaintiffs,

v.                                                        08-cv-505-bbc

THE DIAL CORPORATION,

                     Defendant.
_____

       On December 6, 2007 Plaintiffs S. C. Johnson & Son, Inc. and Consultoria Tecnica e Representacoes, LDA commenced case no. 07-cv-689-bbc, claiming that defendant Dial Corporations home air fresheners infringe plaintiffs' United States Patent No. 6,487,367. The matter is scheduled for trial on November 17, 2008. On August 16, 2008 defendant moved for summary judgment of non-infringement and invalidity.

       On August 26, the patent and trademark office issued United States Patent No. RE 40,464. On the same day, plaintiffs filed a new action claiming that defendant's air fresheners also infringed the '464 patent and moved to consolidate the two actions and to modify the scheduling order in case 07-cv-689-bbc. On August 27, I suspended briefing on the motion for summary judgment and set briefing schedules on both motions. Defendant opposes both motions.

       It is undisputed that the '464 patent is very closely related to the '367 patent in terms of its prosecutions history and claim terms. Furthermore, the two actions accuse identical products of infringement. Under such circumstances, consolidation for trial would undoubtedly be more efficient than conducting separate jury trials. However, I also agree with defendant that the most expeditious and least expensive way to proceed is to resolve the pending summary

judgment motion pursuant to the existing schedule.  Therefore, I am granting the motion to consolidate and requiring the parties to continue to brief the pending dispositive motion.  The court will permit a "second" summary judgment motion in the newer case pursuant to a schedule to be set at a telephonic status and scheduling conference.

On September 15, 2008, the parties stipulated to allow two weeks following issuance of the instant order for plaintiffs to respond to the pending summary judgment motion in the '07 lawsuit and for defendant to answer/respond to the '08 complaint.  *See* dkt. 62 in 07-cv-689-bbc; dkt. 13 in 08-cv-505-bbc.  This is acceptable to the court; in fact, I will provide counsel the dubious benefit of an extra weekend.

ORDER

IT IS ORDERED that:

(1) Plaintiffs' motion to consolidate cases 07-cv-689-bbc and 08-cv-505-bbc is GRANTED;

(2) Not later than October 6, 2008, plaintiffs shall respond to defendant's pending motion for summary judgment(with a reply by October 16), and defendant shall answer or otherwise respond to the new complaint; and,

(3) The clerk of court shall set a telephonic conference at which we will re-set the rest of the schedule.

Entered this 19th day of September, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge